UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GARY GAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11-CV-506 CAS |
| GS BRENTWOOD LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant GS Brentwood LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] Plaintiff opposes the motion and filed a memorandum in opposition. Defendant did not file a reply and the time to do so has expired, therefore the motion is ripe for review. For the following reasons, the Court will deny defendant's motion.

### I. Background

Plaintiff Gary Gaylor brings his claim against GS Brentwood LLC ("GS Brentwood"), the owner of a shopping center, the Promenade at Brentwood ("Promenade"), for violations under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. In his amended complaint[2] (hereinafter referred to as "complaint"), plaintiff alleges that he is a qualified individual

---

[1] In support of its motion, defendant filed an over-length brief in violation of Local Rule 4.01(D). In the future, any over-length brief filed will be disregarded.

[2] Plaintiff originally filed his complaint on March 16, 2011. Defendant moved to dismiss the original complaint and in response, plaintiff filed an amended complaint, which is the subject of this motion to dismiss.

with a disability under the ADA. Plaintiff alleges that he has Multiple Sclerosis and requires the use of a cane or wheelchair for mobility. He claims that in January 2011, while visiting his son who resides in the St. Louis area, he visited the Promenade numerous times. According to the complaint, while at the Promenade, plaintiff experienced serious difficulty accessing the goods and utilizing the services due to architectural barriers, including, inter alia, inaccessible parking, sidewalks, curb cuts, and payment and service counters. Plaintiff alleges that he intends to return to the Promenade, but he fears he will continue to experience serious accessability issues.

Plaintiff brings one Count against defendant for declaratory and injunctive relief. Plaintiff asks (1) that the Court find GS Brentwood in violation of the ADA; (2) that the Court order defendant to alter its facility to make it accessible and useable by individuals with disabilities; and (3) "that the Court enter an Order directing GS Brentwood to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow GS Brentwood to undertake and complete corrective procedures." See Doc. 7 at 4-5. Plaintiff also seeks reasonable attorney's fees and costs.

In its motion to dismiss, defendant GS Brentwood argues plaintiff lacks Article III standing. Defendant also argues plaintiff's claim should be limited to the alleged barriers pleaded by him that relate to his specific disabilities. In addition, defendant argues plaintiff's claim is barred by the statute of limitations.

**II. Discussion**

**A.     Motion to Dismiss for Lack of Standing**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either be a "facial" or "factual" attack." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("In order to

2

properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.") A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true. See Titus, 4 F.3d at 593 & n.1. Factual attacks, on the other hand, challenge subject matter jurisdiction irrespective of the allegations in the complaint. Under a factual challenge, the district court is afforded the unique power to make factual findings which are decisive of its jurisdiction. Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1140 (8th Cir. 1998), cert. denied, 526 U.S. 1098 (1999); Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). Consequently, the Court is not limited to an inquiry into undisputed facts, but may it hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction. See Godfrey, 161 F.3d at 1140; Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897 (1981). Under a factual attack, the plaintiff bears the burden to prove that subject matter jurisdiction does in fact exist. Osborn, 918 F.2d at 730.

Here, defendant has not indicated whether it is making a facial or factual attack under Rule 12(b)(1). Throughout its memorandum, defendant interchangeably refers to plaintiff's allegations and his inability to prove the elements of standing. See Doc. 9 at 4 ("An ADA plaintiff cannot manufacture standing by generally alleging that he intends to return to the defendant's facility."); Doc. 4 at 10 ("Nowhere in his Complaint does Mr. Gaylor provide any concrete proof of his intention to return to the St. Louis area multiple times this year, as required for the standing inquiry."); Doc. 4 at 13 (emphasis added). In addition, defendant does not offer any extrinsic evidence outside the scope of the pleadings in support of its motion other than to ask the Court to

3

take judicial notice of distances and a date. Also, defendant responded to neither plaintiff's opposition memorandum, in which he argued a factual attack was inappropriate, nor his affidavit attached thereto, which plaintiff submitted in the event that the Court found defendant had made a factual attack. Based on the record before it, the Court will treat defendant's motion to dismiss for lack of standing as a facial attack.

Title III of the ADA prohibits discrimination in against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities. . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA provides a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

Although there is a federal statute prohibiting disability discrimination, each plaintiff in a federal suit must meet the threshold requirement of standing. Federal jurisdiction is specifically limited by Article III, section 2, of the United States Constitution to actual cases in controversy. Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (citing to Warth v. Seldin, 422 U.S. 490, 498 (1975)). To establish Article III standing, a plaintiff must show: "(1) that he or she suffered an 'injury-in-fact,' (2) a casual relationship between the injury and the challenged conduct, and (3) that the injury will likely be redressed by a favorable decision." Id. (citing to Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

To show an injury-in-fact, the Eighth Circuit states that the plaintiff must allege a "concrete and particularized" and "actual or imminent harm" and not one that is merely "conjectural or hypothetical." Id. Specifically, as applied to standing to seek injunctive relief under Title III, "[a]

plaintiff[ ] need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying, [but the plaintiff] must at least prove knowledge of the barriers and that [he] would visit the building in the imminent future but for those barriers." Id. (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167 (2000)).

Here, plaintiff alleges in his complaint that he visited the Promenade in January 2011, where he experienced serious difficulty accessing the goods and utilizing the services due to architectural barriers at the Promenade. And although plaintiff is a resident of Georgia, he alleges that his son lives in the St. Louis area, and that he intends to return to the Promenade, but he fears he will continue to experience serious accessability issues. In applying the law of the Eighth Circuit, the Court finds plaintiff's allegations are sufficient to show a credible, particularized and concrete intention to return to the Promenade, which is more than "[a] mere intent to return to the place of injury 'someday' . . . ." Steger, 228 F.3d at 893 (citing Lujan, 504 U.S. at 564).

Defendant argues plaintiff cannot satisfy his burden of showing future harm because it is unlikely that plaintiff intends to return to the property. Defendant argues the Court must analysis plaintiff's intent by applying a list of factors, which include: "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near defendant." See Doc. 9 at 4 (citing Judy v. Pinhgue, 2009 WL 4261389, at *2 (S.D. Ohio Nov. 25, 2009); Access 4 All, Inc. v. Thirty E. 30th St., 2007 U.S. Dist. LEXIS 67736, at *4-5 (S.D.N.Y. 2007)). The district court cases defendant cites are not from this Circuit and are not binding on this Court. The Eighth Circuit has not employed these factors, and it has held plaintiffs to a less burdensome standard to survive a facial challenge to standing. Steger, 228 F.3d at 892. Taking the

5

allegations in plaintiff's complaint as true, the Court finds plaintiff has adequately alleged a likelihood of future harm because plaintiff has a concrete intent to return to the Promenade. Defendant's motion to dismiss for lack of standing, which the Court construes as a facial attack, is denied.[3]

The Court, however, does find that plaintiff's standing does not extend to violations at the Promenade that affect persons with disabilities which are beyond or different from plaintiff's disability. Stegar, 228 F.3d at 893. To extend standing beyond the limits of plaintiff's disability would provide for relief beyond the injury-in-fact suffered by plaintiff, and unlawfully expand standing beyond the limits of Article III. Id. That said, plaintiff is not limited to the ADA violations that he personally encountered at the Promenade. Plaintiff "has standing to seek relief for any ADA violations [at the Promenade] affecting [plaintiff's] specific disability." Id. at 894.

**B.  Motion to Dismiss for Failure to State a Claim**

As an alternate ground for dismissal, defendant argues that plaintiff failed to allege his ADA claim with an adequate level of specificity. The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

---

[3] Even if the Court were to construe defendant's motion to dismiss as a factual challenge to standing, the motion would be denied. Plaintiff submitted an affidavit along with his response memorandum, in which plaintiff identified distinct instances in the immediate future when he planned to return to the Promenade, and, in fact, he has done so again since he filed his amended complaint. Defendant did not respond to this affidavit or submit any evidence which disproves or calls into question plaintiff's credibility. Even if defendant were making a factual challenge to standing, the Court finds plaintiff has shown by a preponderance of the evidence a concrete threat of future harm.

544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint, such as exhibits, may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

To state a prima facie claim under Title III of the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability; and (4) the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. See 42 U.S.C. § 12182(a) and (b)(2)(A)(ii); Amir v. St. Louis University, 184 F.3d 1017, 1026 (8th Cir. 1999).

A review of plaintiff's complaint shows that plaintiff has sufficiently pleaded a Title III claim. Plaintiff alleges he has Multiple Sclerosis and is disabled, and that while visiting the Promenade he encountered architectural barriers that affected his disability. Plaintiff lists five architectural barriers he allegedly encountered: inaccessible parking due to excessive slopes; inaccessible sidewalks due to excessive cross slopes; inaccessible curb cuts due to excessive slopes and failure to provide a smooth transition; inaccessible payment and service counters due to excessive heights; and inaccessible signage at some parking places due to the low placement of signs. Plaintiff also states this is not an exclusive list. He alleges these barriers caused him serious difficulties in accessing goods and utilizing services at the Promenade.

Defendant argues plaintiff has failed to state a claim because plaintiff did not specially identify which parking spaces, sidewalks, curbs cuts, or service counters were inaccessible. Setting aside the impracticality of specifically identifying a parking space, curb cut, or sidewalk in a complaint, this level of specificity is not required. Steger, 228 F.3d at 894. The Court finds plaintiff has sufficiently alleged a claim under Title III of the ADA, and defendant's concerns about specifically identifying the alleged violations can be addressed during discovery.

### C. Statute of Limitations

As its final argument for dismissal, defendant argues plaintiff's Title III ADA claim should be dismissed because it is barred by the statute of limitations. The parties do not dispute the applicable statute of limitations, but rather they disagree as to when plaintiff's claim accrued.

Title III of the ADA does not contain a statute of limitations. "When a federal law has no statute of limitations, courts may borrow the most closely analogous state statute of limitations, unless doing so would frustrate the policy embodied in the federal law." Gaona v. Town & Country

Credit, 324 F.3d 1050, 1054 (8th Cir. 2003) (citing to Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 854 (8th Cir. 2000)). The Eighth Circuit has held that the state's limitation period for personal injury actions applies to claims under Title III of the ADA. Id. Missouri's statute of limitations for personal injury claims is five (5) years. Mo. Rev. Stat. § 516.120.

In its motion, defendant does not dispute that Missouri's five-year limitation period for personal injury actions applies here, but it argues plaintiff's claim is barred because it accrued in 1998, the date the Promenade was constructed.[4] It argues the statute of limitations began to run at that time because all of the violations plaintiff alleges were open and obvious and could have been discovered as soon as construction was completed, despite the fact that there are no allegations plaintiff visited the Promenade anytime prior to 2011. The Court finds defendant's view to be misguided.

Federal law determines the accrual date of a federal claim, regardless of the source of the statute of limitations. Union Pacific R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998) ("despite determining the limitations period by analyzing state law, this Court looks to federal common law to determine the time at which a plaintiff's federal claim accrues."). Under federal law, the discovery rule applies. A plaintiff's claim accrues "when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." Id.

---

[4] Defendant asks the Court to take judicial notice that the Promenade was constructed in 1998. The Court finds that for purposes of this motion, the date of construction is not dispositive on the limitations issue. That said, the Court is aware that there were significant alternations to the Promenade since 1998, including extensive remodeling of the Target and construction of the Starbucks counter within the Target store. The complaint includes allegations with regard to both of these structures, but defendant fails to mention the remodeling or new construction in its limitations argument.

9

Defendant argues that the alleged defects about which plaintiff complains were open and obvious and could have been discovered upon completion of construction in 1998. Setting aside the fact that there were significant alterations made after 1998, the Court does not agree with defendant's interpretation of the discovery rule. The act of new construction may trigger duties under the ADA, and failure to follow the requisite regulations in construction, such as installing proper curb cuts, may constitute a violation under Title III of the ADA. But the issues of when a duty has arisen or whether a violation has occurred are different than the issue of when a claim accrued. In order to state a claim under Title III there must be an injury – a disabled plaintiff was denied access or a disabled plaintiff purposely avoided a public accommodation because he was aware that he would be denied access. Steger v. Franco, Inc., 228 F.3d 889, 892-93 (8th Cir. 2000). A plaintiff's claim accrues when he discovers that injury. Beckham, 138 F.3d at 330. Standing alone, a violation of the ADA, such as inaccessible parking or the failure to install a curb cut, does not equal an injury. A disabled plaintiff must encounter the violation for the claim to accrue. As noted by the Fifth Circuit, "[the] accrual date dovetails with the plaintiffs' standing to sue." Frame v. City of Arlington, --- F.3d ---, 2011 WL 4089778, at *13 (Sept. 15, 2011). A plaintiff does not have standing to sue unless he or she has visited the site, or has actual or concrete plans to visit the site. Steger, 228 F.3d at 892-93.

Under defendant's interpretation, all prospective Title III plaintiffs would be charged with constructive knowledge of all ADA violations as of the date the building or site was constructed. Not only would this be extraordinarily burdensome, but under defendant's view, persons who were recently rendered disabled or moved to a new area would be barred from challenging Title III violations if the property was constructed five years previously. Defendant's interpretation is

untenable and frustrates the remedial goals of the ADA – breaking down barriers and creating accessability for all. Frame, at *14 ("As Congress noted when it enacted [the ADA]: "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.") (quoting 42 U.S.C. § 12101 (a)(2)). See also Voices for Independence v. Pennsylvania Dept. of Transp., 2007 WL 2905887, at *15 (W.D. Pa. Sept. 28, 2007).

This Court holds that a Title III plaintiff's claim begins to accrue when he discovered or should have discovered his injury, not when the building or site was constructed. Beckham, 138 F.3d at 330. In the context of this case, it appears from the complaint that plaintiff filed suit well within five years after he was allegedly injured in January 2011. Furthermore, there is nothing in the complaint to suggest that plaintiff visited the Promenade or purposely avoided the Promenade more than five years prior to the date he filed suit. Based on the record before it, this Court cannot say that plaintiff's claim is barred by the applicable statute of limitations.

### III. Conclusion

For the foregoing reasons, defendant GS Brentwood's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is denied in all respects. The Court finds plaintiff has standing; he has sufficiently stated a claim under Title III of the ADA; and his claim is not barred by the applicable statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that defendant GS Brentwood LLC's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is **DENIED.** [Doc. 9]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __25th__ day of October, 2011.